IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

*Norfolk Division*

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> v. <br><br> CHRISTOPHER SCARBOR, <br><br> Defendant. | Criminal No. 2:23-cr-112 |

## STATEMENT OF FACTS

The parties agree and stipulate that the allegations set forth in Counts Two and Three of the Indictment, as well as the following facts, are true and correct, and that had the matter gone to trial, the United States would have proven the following facts beyond a reasonable doubt with admissible and credible evidence:

1. On or about August 28, 2021, in Norfolk, Virginia, within the Eastern District of Virginia, the defendant, CHRISTOPHER SCARBOR (hereinafter "the defendant"), was in a BMW that fled from a marked police unit. After the car came to rest in a cemetery, the defendant fled on foot and was arrested with a fanny pack. Inside the fanny pack were 87 pills and a Glock switch that would convert a Glock semi-automatic firearm into a fully automatic firearm, commonly known as a "machinegun." Police also recovered two Glock semi-automatic firearms inside the car from which the defendant fled.

2. The pills containing suspected controlled substances were sent to the Virginia Department of Forensic Science for chemical testing and analysis. The lab determined the pills

1

contained methamphetamine, a Schedule II controlled substance. The defendant possessed these pills with the intent to distribute.

3. The switch recovered on August 28, 2021, was submitted to the Firearms and Ammunition Technology Division of the Bureau of Alcohol, Tobacco, Firearms, and Explosives for analysis. Firearms Enforcement Officer Jason Armstrong examined the device and documented those findings in a report. He concluded the switch was a machinegun conversion device that, when installed, would cause a firearm to automatically shoot more than one shot, without manual reloading, by a single function of the trigger; therefore, they were both a "machinegun" as defined in 26 U.S.C. § 5845(b). He further concluded that the machinegun conversion device, in and of themselves, are a combination of parts designed and intended for use in converting a weapon into a machinegun and are a "machinegun" as defined in 26 U.S.C. § 5845(b). They are also a "machinegun" pursuant to 18 U.S.C. § 921(a)(24).

4. The defendant possessed the firearms and the machinegun conversion device, commonly known as a Glock switch, recovered on August 28, 2021, during and in relation to and in furtherance of a drug trafficking crime for which he could be prosecuted, specifically the crime alleged in Count Two of the Indictment.

5. The acts taken by defendant in furtherance of the offenses charged in Counts Two and Three of the Indictment, including the acts described above, were done willfully and knowingly with the specific intent to violate the law, and were not committed by mistake, accident, or other innocent reason.

6. This Statement of Facts includes those facts necessary to support the Plea Agreement between defendant and the United States. It does not include each and every fact known

to defendant or to the United States, and it is not intended to be a full enumeration of all of the facts surrounding defendant's case. Defendant acknowledges that the foregoing statement of facts does not describe all of the defendant's conduct relating to the offenses charged in this case, nor does it identify all of the persons with whom defendant may have engaged in illegal activities.

Respectfully Submitted,

JESSICA ABER
UNITED STATES ATTORNEY

By: _____
Joseph DePadilla
Assistant United States Attorney
Graham Stolle
Special Assistant United States Attorney
Attorneys for the United States
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, VA 23510
Office Number:      757-441-6358
Facsimile Number:   757-441-6689
Email Address:      joseph.depadilla@usdoj.gov
                    graham.stolle2@usdoj.gov

3

*United States v. Christopher Scarbor*, 2:23-cr-112

After consulting with my attorney and pursuant to the plea agreement entered into this day between myself, the United States and my attorney, I hereby stipulate that the above Statement of Facts is true and accurate, and that had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

_____
CHRISTOPHER SCARBOR
Defendant

I am the attorney for defendant CHRSTOPHER SCARBOR. I have carefully reviewed the above Statement of Facts with him. To the best of my knowledge, his decision to stipulate to these facts is an informed and voluntary one.

_____
Lawrence "Woody" H. Woodward, Jr., Esq.
Counsel for Defendant

4